Dear Representative Erdey:
It has come to our attention that the issue of the use of runningwaters used in Article 450 of the Louisiana Civil Code as it applies to the use of waterways was recently addressed in the case of BuckskinHunting Club vs. Buddy Bayard, et al., ___ So.2d ___, (Cite as:2004 WL 385387 (La.App. 3 Cir.)), issued March 3, 2004 at Page 5 where the Court states as follows:
 The obligations arising from water being a public thing requires the owner through whose estate running waters pass to allow water to leave his estate through its natural channel and not to unduly diminish its flow; however, this does not mandate that landowner allow public access to waterway. LSA-C.C. arts. 450, 452, 658. People For Open Waters, Inc. vs. Estate of Gray, 643 So.2d 415 (La.App. 3 Cir. 1994). Landowners and members of [the] general public have [the] right to use running water for their needs, if they have access to it, but neither landowners nor members of general public have the right to cross private lands in order to avail themselves of running water, and such right may only be established by agreement, destination of owner, or prescription. No public rights to use of a canal located on private property arises from the fact that water flows through channel. Cf. People For Open Waters, Inc., supra.
The present jurisprudence in Louisiana with respect to public use of waterways turns on the issue of commercial navigability, which is a fact question determined on a case by case basis.
To the extent that Atty. Gen. Op. No. 04-0082, Atty. Gen. Op. No. 03-407 and Atty. Gen. Op. No. 90-557 are inconsistent with Buckskin
above, they are hereby recalled.
 Very truly yours, CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: ____________________ CHARLES F. PERRY ASSISTANT ATTORNEY GENERAL
CCF, Jr./CFP/tp